The opinion of the court was delivered by
White, J.
On the 21st of June, 1877, Henrietta Betz, wife, duly authorized, of Charles Eisher, with Edward and Lena Betz, minors, represented by their under-tutor, their tutor having an adverse interest, claiming to be the lawful children of Mary Witty, the issue of her mar *213 riage with Charles Betz, both deceased, instituted suit to annul the will, and probate thereof, of their deceased maternal grandmother, Mrs. Elizabeth Lebrew, on the following grounds:
First. That the will had never been executed by the deceased.
Second. That her signature was procured by fraud, she being at the time of its pretended execution of unsound mind.
Third. That by representation of their mother they were the sole legal forced, heirs of the deceased, and that their rights as such were infringed by the pretended will, which instituted Frank Lebrew, their step-grandfather, universal legatee of their grandmother’s estate.
They prayed for the annulment of the will and for recognition as the sole legal forced heirs of the deceased. Nicolas Wax, executor, and Frank Lebrew were personally cited, and answered by a general denial. On the 19th of January, 1878, judgment was rendered in favor of plaintiffs, recognizing them as the sole legal heirs of their mother, and she having been the only descendant of Mrs. Lebrew, her mother, they by representation as the sole legal heirs of their grandmother’s estate. The will and probate were annulled.
On the 11th of February, 1878, Frank Lebrew sued to annul the judgment thus rendered against him on the following grounds :
1. That the heirs of Mrs. Lebrew knew at the time they presented their claim for recognition that they were not the lawful heirs of their mother and grandmother.
2. That he was prevented from urging their want of heirship by sickness and by the omission or fraud of his co-defendant, Nicolas Wax; that being confined to his room with sickness he requested Wax to send to him the counsel who had been retained to defend the suit, in order that he might inform him of the want of heirship in the plaintiffs ; that Wax failed to do so, and hence the defense was not urged by counsel.
3. That the pretended children of Mrs, Betz were not her lawful issue, but were adulterous bastards.
4 That in eoasequence of such fact Mrs. Lebrew, his predeceased wife, had left no lawful descendants or collateral kindred, and he was hence her heir.
The defendants pleaded res judicata and a general denial.
Under these issues the controversy presents a twofold aspect: as to the nullity of the judgment, and as to being, if not null, the thing adjudged between the parties, of the matters presently at bar.
First. It is to be borne in mind that no attempt is made to annul the judgment in so far as it destroyed the will — the plaintiff now claiming as a legal, not as a testamentary heir. It is hardly necessary to say that the averment that the plaintiffs in the original suit knew that they were not lawful heirs at the time of their demand for recognition fur *214 nishes no ground for an action of nullity ; but if it did it is disproved by the record now before us. Plaintiff does not, so far as the other grounds go, ask the annulment of the judgment on account of matters not known to him at the time of the institution of the suit; but, on the contrary, admits his knowledge of every fact now urged at the time the original suit was brought. If any thing is settled in our jurisprudence, it is that one can not be heard by way of action in nullity to destroy a judgment for matters known and in existence at the time of the institution of the suit in which the judgment was rendered, even though by some neglect they may not have been pleaded. 1 R. 523 ; 18 L. 551; 3 A. 646 ; 6 A. 799. But it is said that by the neglect of Wax an opportunity was not afforded plaintiff to inform his counsel of the serious defense. We do not think the proof establishes the assertion, but if it did the conclusion would be the same. Wax was a defendant, and plaintiff’s action to annul would resolve itself into a complaint of the neglect or omission of his co-defendant.
Second. The legal heirship of the defendants is clearly established by the presumption of the thing adjudged. All the elements of res adjudioata are to be found in the final judgment rendered between the parties. It is contended that Lebrew was originally sued as universal legatee, and hence the recognition of the plaintiffs in that suit as the sole legal heirs of the deceased while binding on him in such capacity is not in that of legal heir, which he assumes in this controversy. It is obvious that this is a mere evasion, and that the non-existence of this new quality in the present plaintiff was the very thing adjudged, for the sole legal heirship in the then plaintiffs is incompatible with the claimed legal heirship of the present plaintiff. We are told that if the defendants are adulterous bastards' the recognition of their right to heirship would be a violation of public order, and hence such fact can be shown at any time despite the sanctity of the thing adjudged. The proposition is vicious, because the very matter established by the legal presumption is the legal heirship. In speaking on this subject Demolombe says : “ But it may be contended that in case of a nullity founded on public order which a defendant could not renounce he can consequently urge it in a second suit, although not presented in the first. We reply that this distinction is inadmissible. * * * Because it is contrary to every principle. What! when a pleader has defended himself by every means, or even when he has been condemned by default, will it be said, that the law will presume that he-has failed to present his defenses? Certainly not. That which it presumes is that these defenses do not exist.” * * * Resting our opinion as we do on the presumption of the thing adjudged, we deem it well to say that we do not even remotely indicate any opinion as to the facts shown by the record, so as to leave *215 room for any inference that we consider without reference to the legal presumption the proof establishes the success of this attempt on the part of plaintiff to bastardize his step-grandchildren in order himself to reap their grandmother’s estate.
The judgment is affirmed, with costs.